IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TERRANCE ADRIAN LACEY,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>MARK OVERMAN, in His Official Capacity as Sheriff of Scottsbluff Nebraska;<br><br>　　　　　　Defendant. | 8:23CV194<br><br>**MEMORANDUM AND ORDER** |

Plaintiff filed a Complaint on May 15, 2023.  Filing No. 1.  Plaintiff has been given leave to proceed in forma pauperis.  Filing No. 7.  The Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I.  SUMMARY OF COMPLAINT

Plaintiff sues Mark Overman ("Overman") in his official capacity as Sheriff of Scottsbluff County, Nebraska, seeking $60 million in damages for injuries Plaintiff sustained while he was a pretrial detainee in the Scottsbluff County Detention Facility ("SCDF").  On November 7, 2022,[1] Plaintiff "[w]as assaulted by three Scottsbluff Jail Detention Employees whose identities are unknown to [him].  The assault happened in [Plaintiff's] cell.  [Plaintiff] was never charged with any assault or any other violation within the facility."  Filing No. 1 at 5.

Plaintiff was admitted into the emergency room at the Regional West Hospital in Scottsbluff, Nebraska, where he was treated for both eye and soft tissue injuries.

---

[1] Plaintiff mistakenly lists "November 7, 2023," as the date of the assault in his Complaint, Filing No. 1 at 5, but correctly lists November 7, 2022, as the date in the civil cover sheet attached to his Complaint, Filing No. 1 at 12.

Plaintiff "also was later treated for physical rehab during the months of January . . . 2023." *Id*. (spelling corrected). Plaintiff alleges "[a]ll employees of that hospital were employed under contract by Wellpath Medical Corporation" and "this assault occurred as an act of retaliation from a current pending U.S. District Court Denver Colorado case #21-cv-00048 that was filed against both Wellpath Medical and Bill Elder in his official capacity as El Paso County Sheriff." *Id*. (spelling corrected & capitalization altered from original). Plaintiff also appears to allege that Wellpath employees at Regional West Hospital "changed medical transcripts in order to deceive the US District Court in Colorado." *Id*. at 4 (punctuation corrected).

## II.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 569-70 (2007); *see also* Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim,

2

and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). For the reasons that follow, Plaintiff's Complaint fails to state a claim for relief against Defendant Overman, but Plaintiff will be given leave to allege his excessive force claim against proper defendants.

**A. Claims against Defendant Overman**

Plaintiff names as the only defendant Overman in his official capacity as the Scottsbluff County Sheriff. A claim against an individual in his official capacity is, in reality, a claim against the entity that employs the official—in this case, Scottsbluff County. See *Parrish v. Luckie*, 963 F.2d 201, 203 n.1 (8th Cir. 1992) ("Suits against persons in their official capacity are just another method of filing suit against the entity. A plaintiff seeking damages in an official-capacity suit is seeking a judgment against the entity." (internal citations omitted)). Scottsbluff County may only be liable under section 1983 if its "policy" or "custom" caused a violation of Plaintiff's constitutional rights. See

3

*Doe By and Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978)).

An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir.1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). To establish the existence of a governmental custom, a plaintiff must prove:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Plaintiff does not present any allegations of an official policy or custom in his Complaint. Therefore, he has not alleged sufficient facts to "nudge" his claim against Scottsbluff County across the line from conceivable to plausible under the *Jane Doe* standard.

Even if Plaintiff had sued Overman in his individual capacity, the Complaint fails to state a plausible claim for relief against Overman as Plaintiff did not allege any facts regarding Overman's involvement in the alleged constitutional violations. "To prevail on a § 1983 claim, a plaintiff must show each individual defendant's personal involvement in the alleged violation." *Kingsley v. Lawrence Cty.*, 964 F.3d 690, 700 (8th Cir. 2020)

4

(quoting *White v. Jackson*, 865 F.3d 1064, 1081 (8th Cir. 2017)). A plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution. *Iqbal*, 556 U.S. 662, 676 (2009). Moreover, "[i]t is well settled that § 1983 does not impose respondeat superior liability." *Hughes v. Stottlemyre*, 454 F.3d 791, 798 (8th Cir. 2006) (internal quotation marks omitted). Put another way, Overman cannot be held liable for the actions of the three SCDF employees who assaulted Plaintiff based solely on his position as the Scottsbluff County Sheriff. *See Luckert v. Dodge Cnty.*, 684 F.3d 808, 817 (8th Cir. 2012) (prison supervisors cannot be held liable under § 1983 based on respondeat superior theory). "Supervisors can, however, 'incur liability . . . for their personal involvement in a constitutional violation, or when their corrective inaction amounts to deliberate indifference to or tacit authorization of violative practices.'" *Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010) (quoting *Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993)).

Here, Plaintiff has alleged no facts with respect to Overman's involvement in any of the alleged constitutional violations nor has Plaintiff alleged that Overman failed to take corrective action or tacitly authorized any violative practices. Accordingly, Plaintiff has failed to state a claim for relief against Overman.

Though Plaintiff's Complaint fails to state a claim against the only named defendant, the Court will examine Plaintiff's constitutional claims to determine whether Plaintiff should be given an opportunity to amend his Complaint to allege plausible claims for relief against Overman or other proper defendants in their individual capacities.

**B. Excessive Force Claim**

Liberally construed, Plaintiff claims that three unnamed SCDF employees violated his right to be free from cruel and unusual punishment while being held as a pretrial detainee with the SCDF. *See* Filing No. 1 at 3–5. The Eighth Amendment "has no application" until there has been a "formal adjudication of guilt." *Walton v. Dawson*, 752 F.3d 1109, 1117 (8th Cir. 2014) (quoting *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983)). But the Fourteenth Amendment gives state pretrial detainees rights which are "*at least as great* as the Eighth Amendment protections available to a convicted prisoner." *Id*. (emphasis in original) (quoting *City of Revere*, 463 U.S. at 244); *Edwards v. Byrd*, 750 F.3d 728, 732 (8th Cir. 2014) ("Therefore, if the use of force in this case would have violated the Eighth Amendment had the plaintiffs been prisoners, that conduct necessarily violated the plaintiffs' rights under the Fourteenth Amendment.")). The Constitution affords greater protection to a pretrial detainee compared to a convicted inmate in the sense that "[d]ue process requires that a pretrial detainee not be punished." *Walton*, 752 F.3d at 1117 (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979)).

Excessive-force claims of pretrial detainees are analyzed under an objective-reasonableness standard—that is, were the defendants' actions objectively reasonable under the circumstances? *Ryan v. Armstrong*, 850 F.3d 419, 427 (8th Cir. 2017). A court must assess the actions of each officer "from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Id*. (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015)). A court must also account for the "legitimate interests that stem from [the government's]

6

need to manage the facility in which the individual is detained," appropriately deferring to "policies and practices that in th[e] judgment" of jail officials "are needed to preserve internal order and discipline and to maintain institutional security." *Kingsley*, 576 U.S. at 397 (quoting *Bell*, 441 U.S. at 520). Factors relevant to assessing the objective reasonableness of force used by officers include:

> the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Ryan*, 850 F.3d at 427 (quoting *Kingsley*, 135 S. Ct. at 2473).

Here, Plaintiff alleges the three unidentified SCDF employees assaulted Plaintiff in his cell, Plaintiff was never charged with any assault or other violation within the SCDF, and the assault was in retaliation for Plaintiff's pending litigation against Wellpath Medical and the El Paso County, Colorado, Sheriff. Liberally construing Plaintiff's allegations, the Court concludes Plaintiff has alleged a plausible excessive force claim under the Fourteenth Amendment against the three unnamed SCDF employees in their individual capacities as Plaintiff's allegations suggest that the assault was not tied to any misconduct or aggressive behavior by Plaintiff and was motivated by Plaintiff's lawsuit against another law enforcement officer. Accordingly, the Court will give Plaintiff leave to amend his Complaint to allege his excessive force claims against the three unnamed SCDF employees in their individual capacities. Plaintiff may also amend his Complaint to allege a plausible excessive force claim against Overman, if facts supporting such a claim can be truthfully pleaded.

In amending his Complaint, Plaintiff should do his best to attempt to identify the three SCDF employees who allegedly assaulted him. "It is generally impermissible to name fictitious parties as defendants in federal court, but 'an action may proceed against a party whose name is unknown if the complaint makes allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery.'" *Perez v. Does 1-10*, 931 F.3d 641, 646 (8th Cir. 2019) (quoting *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995)). Plaintiff's amended complaint should "sufficiently allege who [these] Defendants are, what they allegedly did, . . . [and] any other facts that would permit [them] to be noticed or identified through discovery." *Id*. In its present form, Plaintiff's Complaint alleges only that the three unnamed SCDF employees were working on November 7, 2022, but it does not allege any other identifying information such as gender, age, physical appearance, and title or position. Plaintiff should allege all facts known to him regarding the three unnamed SCDF employees in his amended complaint.

**C. Claims Related to Colorado Litigation**

Lastly, Plaintiff appears to allege that unidentified Wellpath employees at Regional West Hospital "changed medical transcripts in order to deceive the US District Court in Colorado." Filing No. 1 at 4 (punctuation corrected). To the extent Plaintiff may be attempting to assert claims against these Wellpath employees based on manipulation of his medical transcripts, such claims would not be properly joined in this action with Plaintiff's excessive force claims against the SCDF employees as the claims are not related and do not arise out of the same set of facts. *See* Fed. R. Civ. P. 20(a)(2) (multiple defendants may be joined in the same action only if "any right to relief

8

is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and there must be a "question of law or fact common to all defendants" in the action). Plaintiff must pursue such claims in a separately filed action.

## IV.  OTHER PENDING MOTIONS

On August 16, 2023, Plaintiff filed what the Court docketed as a Motion for Summons and requested that the Court "serve[] summons of complaint on the defendant and set date for response to the complaint." Filing No. 10. The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. See 28 U.S.C. § 1915(e)(2). The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The Court has reviewed Plaintiff's Complaint and determined that, as currently pleaded, Plaintiff's Complaint fails to state a claim upon which relief may be granted against the named Defendant. Thus, this matter may not proceed to service of process on the present Complaint, and Plaintiff's Motion for Summons is denied. If Plaintiff files an amended complaint, the Court will review Plaintiff's amended complaint under 28 U.S.C. § 1915(e)(2) and determine whether the matter may proceed to service of process.

## V.  CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief may be granted against Defendant Overman in his official capacity. On the Court's own motion, Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended

9

complaint that sufficiently states his excessive force claims against Overman and the three unnamed SCDF employees in their individual capacities. The amended complaint must identify each defendant by name or must provide as much identifying information for each defendant as possible if the defendant's name is unknown and must set forth all of Plaintiff's claims (and any supporting factual allegations) against that defendant. To be clear, Plaintiff's amended complaint must restate the relevant allegations of his Complaint, Filing No. 1, and any new allegations. Plaintiff should be mindful to explain what each defendant did to him, when the defendant did it, and how the defendant's actions harmed him. Plaintiff is warned that any amended complaint he files will supersede, not supplement, his prior pleadings. Plaintiff is encouraged to use the court-approved form to draft his amended complaint, which the Clerk of the Court will provide to him.

If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, this action will be dismissed without prejudice and without further notice. The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e) after he files an amended complaint which addresses the matters set forth in this Memorandum and Order.

IT IS THEREFORE ORDERED:

1. Plaintiff shall have until **February 20, 2024,** to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the Court will result in the Court dismissing this case without further notice to Plaintiff. In his amended complaint, Plaintiff must identify each defendant by name or provide as much identifying information for each defendant as

10

possible and set forth all of Plaintiff's claims (and any supporting factual allegations) against that defendant. Plaintiff should be mindful to explain in his amended complaint what each defendant did to him, when the defendant did it, and how the defendant's actions harmed him.

2.   In the event that Plaintiff files an amended complaint, Plaintiff shall restate the relevant allegations of the Complaint, Filing No. 1, and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

3.   The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e) in the event he files an amended complaint.

4.   The Clerk of the Court is directed to send to Plaintiff the Form Pro Se 14 Complaint for Violation of Civil Rights (Prisoner).

5.   The Clerk of the Court is further directed to set a pro se case management deadline using the following text: **February 20, 2024**: check for amended complaint.

6.   Plaintiff's Motion for Summons, Filing No. 10, is denied.

7.   Plaintiff shall keep the Court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

Dated this 18th day of January, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge